The opinion of the Court was afterward drawn up by
Parker C. J.
The plaintiff’s case seems, by the course of the argument, to depend upon the exclusion of the parol evidence, by which it was shown, that the use made by the defendant of the privilege reserved in his deed was unrestricted ; whereas it is contended by the plaintiff, that by the true construction of the language of the deed, the passage reserved through the cellar was limited to objects and purposes in the cellar itself, and that it did not intend a passage through into the upper apartments of the house.
But we cannot give this restricted construction to the terms of the.reservation. The words do not admit of it. It is a passage through, not to the cellar ; as it would have been if the parties intended to limit the right of passage to the purpose of depositing any thing in, or carrying any thing from the cellar. It is said the subject-matter ought to aid the construction, and so are the authorities cited ; but no aid is wanted. A passage through cannot mean a passage into or out only. If it appeared there was a passage through the cellar into the yard or ground belonging to the plaintiff or into a street, then it might well be contended that, judging from the subject-matter, it was not intended to reserve a right to go through the cellar *284 for the purpose of ascending to the floor of the house ; nut no su°h ^act aPPears i so that there is nothing in the deed, or any facts or circumstances existing at the time it was made, which can control the operation of the words of reservation. There would seem to be no purpose in the reservation of a passage through but to get into the house by that avenue. There is no occasion therefore to consider the question of admissibility of the parol evidence. But this evidence is not of conversations or of any agreement different from the deed, but merely of the acts of the parties under the deed. Now if the words were ambiguous and not explainable by the context, the construction given by the parties themselves, as proved by the manner in which they exercised their respective rights under the deed, is certainly legal evidence. Mr. Dane says, (vol. 3, p. 363, § 16,) “ It is now on the whole a well settled rule of evidence, that the acts of the parties or usage may be proved to explain doubtful words or clauses in a deed or other sealed instrument: ” — and he cites several cases which support that position. But we see no ambiguity which needs explanation. The evidence went only to rebut the construction contended for by the plaintiff; but as that construction, even without such evidence, could not prevail, there is no ground for a new trial because that evidence was admitted.